John Dan Kemp, Chief Justice, concurring in part and dissenting in part. I join the majority’s holding that the circuit court was correct in determining that the identity of the drug‘manufacturers is not protected under the confidentiality provisions of Arkansas Code Annotated section 5-4-617 (Supp. 2015). I respectfully dissent from the majority’s decision to reverse that portion of the circuit court’s order requiring disclosure of the unredacted records, pursuant to Arkansas Code Annotated section 5-4-617(j) (Supp, 2015), and to remand for the circuit court to determine which information must be redacted on the midazolam. labels and package inserts. In.my view, this issue has already been decided by the circuit court. Arkansas Code Annotated section 5-4-617(j) provides, (j) The department shall make available to the public any of the follow- ■ ing information upon request, so long as the information that may be used to identify the compounding pharmacy, testing laboratory, seller, or supplier is redacted and maintained as confidential: (1) Package inserts and labels, if the drug or drugs described in subsection (c) of this section have been made by a manufacturer approved by the United States Food and Drug Administration; (2) Reports obtained from an independent testing laboratory; and (3) The department’s procedure for administering the drug or drugs described in subsection (c) of this section, including the contents of the lethal-injection drug box. (Emphasis added.) | nln the case at bar, the Arkansas Department of Correction (ADC) presented an affidavit of Rory Griffin, an ADC employee, that “ADC declined to provide copies of the package insert and label for the recently-acquired midazolam” because he believed that the sellers and suppliers would be identified. The circuit court ruled, [T]he court holds the AMEA [Arkansas Method of Execution Act] does not make the identity of manufacturers of FDA-approved drugs used in the lethal injection method-of-execution (“MOE”) ■protocol confidential. The court fu/rther finds that there are no facts before the court that the package inserts and labels of lethal injection drugs manufactured by FDA-approved manufacturers would ■identify (i) the entities and persons who participate in the execution process, (ii) the identities of persons who administer the lethal injection drugs, or (Hi) the compounder, testing laboratory, ■ seller, or supplier of the lethal injection drugs. (Emphasis added.) In making this determination, the circuit court found that the evidence before it was not compelling. ADC had the burden of proving that the records were exempt from disclosure. See Young v. Bice, 308 Ark. 593, 596, 826 S.W.2d 252, 254 (1992) (“[T]he keeper of the requested records [ ] has the burden of proving the records are exempt from disclosure”), Clearly, the circuit court found that ADC had not met its burden. Thus, I cannot say that the circuit court erred in determining that the unredacted records must be provided. To remand to the circuit court for a second determination on this issue is wholly unnecessary. Accordingly, I would affirm the circuit court’s ruling on this point. Wynne, J., joins.